## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

ROCIO ASUNCION CARRASCO,

       Plaintiff,                       Case No.: 1:16cv25259

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
AMERICAN HONDA FINANCE CORPORATION,

       Defendants.

_____/

## COMPLAINT

     Plaintiff, ROCIO ASUNCION CARRASCO, alleges violation of 15 U.S.C. § 1681 *et seq*. ("FCRA") against Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC, ("Trans Union") and American Honda Finance Corporation ("Honda") (collectively "Defendants"), for illegal credit reporting activities.

## JURISDICTION AND VENUE

     1.     The jurisdiction of this Court arises under the FCRA 15 U.S.C. § 1681 *et seq*., a federal question.

     2.     Venue is proper in this District under 28 U.S.C. § 1391(b)-(c) because Defendants are deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and because their contacts with this District are sufficient to subject them to personal jurisdiction. Additionally, Plaintiff resides in Miami-Dade County, Florida, and the activities giving rise to this lawsuit occurred in Miami-Dade County, Florida.

## PARTIES

     3.     Plaintiff is a natural person and resident of the State of Florida.

1

4.      Experian is a foreign for-profit corporation with its principal place of business at 475 Anton Blvd., Costa Mesa, CA 92626.

5.      Trans Union, LLC is a foreign limited liability corporation with its principal place of business at 555 West Adams Street, Chicago, IL 60661.

6.      American Honda Finance Corporation is a foreign for-profit corporation with its principal place of business at 20800 Madrona Avenue, Torrance, CA 90503.

## FACTUAL ALLEGATIONS

7.      On or about October 3, 2016, Plaintiff became aware of the fact that American Honda Finance Corporation was improperly reporting that Plaintiff had a "charge off" account in the amount of $11,844.00 to Experian and to Trans Union.  Plaintiff learned of this error when she attempted to obtain a personal mortgage.

8.      Plaintiff knew that this "charge off" was factually and legally incorrect as she was completely unaware of the existence of the alleged Honda account, and  had not financed the Honda account in question.

9.      The "charge off" account had a devastating impact on Plaintiff's credit score, as did the fact that as of the filing of this Complaint, Plaintiff's credit reports reflect that she is past due in the amount of $11,844.00.

10.     Shortly thereafter, in November 2016, Plaintiff sent a letter to Experian and Trans Union disputing the reporting status of the Honda account.

11.     In the letter, Plaintiff explained that the Honda account was fraudulent and should be immediately deleted from Plaintiff's credit reports.

12.     Additionally, Plaintiff provided an Identity Theft Affidavit advising that she had never signed a credit application for the Honda account at issue, and also provided her date of

birth, social security number, her current mailing address, and a photocopy of her driver's license.  Finally, Plaintiff provided her home telephone number and her cellular telephone number in the event that any Defendant had questions or needed additional information from Plaintiff.

13.     Experian, and Trans Union received the Plaintiff's dispute letter and accompanying documents and then relayed the documents and Plaintiff's dispute to Honda.

14.     Honda received the dispute and accompanying documents from Experian and Trans Union and then erroneously verified that the account was "charged off".

15.     After Plaintiff requested verification and deletion of the derogatory accounts, Experian, and Trans Union failed to evaluate or consider any of the specific information, claims and evidence provided by Plaintiff. Additionally, they did not make any attempt to substantially or reasonably verify Honda's representations.

16.     As a result of the erroneous derogatory information, Plaintiff has suffered significant damage, a significant drop in her credit score, the inability to obtain credit on more favorable terms, and the aggravation of dealing with Defendants' failure to meaningfully evaluate her dispute.

## COUNT I AS TO EXPERIAN'S VIOLATION OF
## THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681e(b)

17.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) because she is an individual.

18.     Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f) because it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties for profit.

3

19.     Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

20.     Experian violated 15 U.S.C. § 1681e(b) because it failed to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

21.     Because of Experian's conduct, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

22.     Experian's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

23.     In the alternative, Experian's conduct was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

24.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II AS TO EXPERIAN'S VIOLATION OF
## THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i

25.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) because she is an individual.

26.     Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f) because it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties for profit.

27.     Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

28.     Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to furnishers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

29.     As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

30.     Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

31.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT I AS TO TRANS UNION'S VIOLATION OF
## THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681e(b)

32.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) because she is an individual.

33.     Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f) because it regularly engages in the practice of assembling or evaluating consumer credit

information or other information on consumers for the purpose of furnishing consumer reports to third parties for profit.

34.     Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

35.     Trans Union violated 15 U.S.C. § 1681e(b) because it failed to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

36.     Because of Trans Union's conduct, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

37.     Trans Union's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

38.     In the alternative, Trans Union's conduct was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

39.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II AS TO TRANS UNION'S VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i

40.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) because she is an individual.

41.     Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f) because it regularly engages in the practice of assembling or evaluating consumer credit

information or other information on consumers for the purpose of furnishing consumer reports to third parties for profit.

42.    Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

43.    Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to furnishers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

44.    As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

45.    Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

46.    The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT I AS TO  HONDA'S VIOLATION OF
## THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681s-2(b)

47.    Honda violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute; by failing to review all relevant information regarding the dispute; by failing to accurately respond to Experian and Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of improper representations to the consumer reporting agencies.

48.    As a result of this conduct, action and inaction of Honda, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

49.    Honda's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

50.    The Plaintiff is entitled to recover costs and attorney's fees from Honda in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demands judgment for actual damages, statutory damages, compensatory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

## TRIAL BY JURY IS DEMANDED.

Dated: December 20, 2016

Respectfully Submitted,


 s/J.Dennis Card Jr.
J. Dennis Card, Jr., Esq.
Florida Bar No.:  0487473
E-mail: Dcard@consumerlaworg.com
Darren R. Newhart, Esq.
Florida Bar No. 115546
E-mail: Darren@cloorg.com
Consumer Law Organization, P.A.
721 U.S. Highway 1, Suite 201
North Palm Beach, FL 33408
Telephone: (561) 822-3446
Facsimile: (305) 574-0132
*Attorneys for Plaintiff*